67 F.3d 308
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Tom ROUNTREE; Debbie Albiso; Mel Andriesen; George Bray;
James Camlin; Bob Gaunt; Montie Hamilton; Melinda
(Jenson) Rees; Walt Kinney; Vearl Ledbetter; John
Loutsis; John Maddock; Germaine Malgarini; Robert
McManus; Allen Mitchell; Joyce St. Germaine-Mitchell; Bob
Nonas; Rick Shepardson; Gayle Starr; Denton Thorbeck;
Bob Toppen; Jon Wagar; Ralph Wattles; Charles Wildman;
Art Wilson, Plaintiffs-Appellants,
v.
KING COUNTY, Defendant-Appellee.
 No. 94-35152.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 16, 1995.*
Resubmitted Oct. 3, 1995.
Decided Oct. 4, 1995.
 
 Before: PREGERSON, KOZINSKI, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The appellants, employed as supervisors with the King County Department of Public Works, appeal the summary judgment order in favor of King County in their action seeking overtime pay under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. Sec. 201.
 
 
 3
 The appellants argued that since they were not salaried employees under the "salary test," they were entitled to overtime pay. Specifically, the appellants claim that, since their remuneration was subject to reduction for absences of less than one day, this variation in quantity of work performed fails the salary test. This argument, however, was rejected in SEIU v. County of San Diego, 60 F.3d 1346 (9th Cir.1995) (as amended), on the basis that public accountability to taxpayers precludes payment for work not actually rendered.
 
 
 4
 In its analysis, the panel in SEIU quoted the 1992 final regulation promulgated by the Department of Labor ("DOL") as well as the legislative considerations of the application of the salary test to the public sector:
 
 
 5
 "An employee of a public agency who otherwise meets the requirements of Sec. 541.118 shall not be disqualified from exemption under Secs. 541.1, 541.2, or 541.3 on the basis that such employee is paid according to a pay system established by statute, ordinance, or regulation, or by a policy or practice established pursuant to principles of public accountability...."
 
 
 6
 Id. at 37,677 (codified at 29 C.F.R. Sec. 541.5d (1993)). It issued the final regulation because "certain aspects of the 'salary basis' test for distinguishing exempt from nonexempt employees did not serve their intended purpose when applied to the public sector." Id. at 37,670.
 
 
 7
 SEIU, 60 F.3d at 1352. The panel then held that the salary test was inapplicable to public sector employees even prior to the 1991 interim and 1992 final regulations:
 
 
 8
 We therefore conclude that the salary test, 29 C.F.R. Sec. 541.118(a), as it existed before the DOL suspended its application to public employers on September 6, 1991, was invalid in its entirety as it applied to the public sector. As the DOL said in 1992, the regulations were "out of harmony" with Congressional intent and inappropriate as applied to the public sector. Because the test's basic infirmity lies in its definition of what it means to be paid on a 'salary basis,' see 29 C.F.R. Sec. 541.118(a), salvaging those contingent aspects of the regulation that qualify and provide exceptions to the initial definition, see 29 C.F.R. Secs. 541.118(a)(1)-(6), (b), (c), is inappropriate. To do so would be tantamount to rulemaking, a power with which we are not invested.
 
 
 9
 Moreover, the nonenforcement policy covered the entire salary test, not just part of it; and essentially no valid salary test applicable to the public sector existed until the DOL finally conducted rulemaking in 1991 and 1992. Thus, through September 6, 1991, for public sector employees to qualify for the executive and administrative exception to the FLSA, they need only have satisfied the duties test.
 
 
 10
 Id. at 1353-54.
 
 
 11
 We must reach the same conclusion here. The appellants, as supervisors employed in the public sector, are exempt from the overtime provisions of the FLSA. We affirm the district court's summary judgment order.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3